Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2014 JAN 22 PM 5:07

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

FRANK E. PANGELINAN, )
)
          Plaintiff, )
)
      v. )
)
DEPARTMENT OF CORRECTIONS, )
AS AN INSTRUMENTALITY OF THE )
GOVERNMENT OF GUAM, )
)
          Defendant. )

CASE NO. CV0187-06

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

This matter came before the Honorable Alberto C. Lamorena, III, on September 30, 2013 for a Bench Trial. Attorney Jeffrey A. Cook represented Plaintiff Frank Pangelinan. Attorney William Bischoff represented Defendant Department of Corrections ("Department"). The Court now issues its Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Plaintiff Frank E. Pangelinan is an inmate at the Department of Corrections.

2. On August 29, 2003, Plaintiff was the victim of an attack committed by another inmate, Joaquin Camacho.

3. On August 29, 2003, Plaintiff was assigned quarters in what is known in the Department as Post 18, a dormitory-like living area where inmates live in cubicles rather than cells.

4. At the time the attack took place, Plaintiff and others in Post 18 were scheduled for recreation time.

5. While Plaintiff was seated in his cubicle working on a project, Joaquin Camacho approached him from behind and hit him on the top of his head with the bar for a dumbbell.

6. Plaintiff was struck twice, requiring observation at the prison infirmary, a visit to the Guam Memorial Hospital, a CT scan, and fifteen stitches.

7. Since the attack, Plaintiff suffered physical and mental/emotional damages in that he has constant headaches, insomnia, and paranoia.

8. Plaintiff's headaches are so severe as to warrant daily medication.

9. There is no medical indication that Plaintiff's headaches will cease in the future.

10. Plaintiff continues to be treated for his insomnia and paranoia.

11. Dumbbells are located outside of Post 18 in the recreation area and are not allowed inside Post 18.

12. Pat-downs are conducted at the entrance to Post 18.

13. At the time of the attack, two corrections officers were working in Post 18.

14. Neither Plaintiff nor the Department were aware that Camacho had intentions of harming Plaintiff.

## CONCLUSIONS OF LAW

1. Under a cause of action for negligence, an injured party must prove the following elements to prevail: a) that the tortfeasor had a duty to act in a manner that does not place others in an unreasonable risk of harm; b) that duty was breached; c) as a result of that breach it is the cause; d) of harm or damages suffered by a party. Guerrero v. DLB Const. Co., 1999 Guam 9 at ¶ 14 (citing Restatement (Second) Torts §§ 281 and 282 (1988)).

2. **Duty**. Jailers owe to prisoners placed in custody a duty to keep the prisoner safely and free from harm. See Thomas v. Williams, 105 Ga.App. 321, 124 S.E.2d 409 (Ga.App. 1962). "[C]ourt after court after court has recognized that jailers owe prisoners a duty of care to protect them from foreseeable harm." Giraldo v. California Dept. of Corrections and Rehabilitation. 168 Cal.App.4th 231, 252 (2008). Here, Plaintiff was in the custody of the Department of Corrections at the time of the injury. Thus, the Department had a duty to protect him from foreseeable harm.

3. Defendant frames the foreseeability question as whether the Department could know that inmate Joaquin Camacho would attempt to injure Plaintiff on or about the date in question. The Court concludes that such a framing of

2

foreseeability is too narrow and it is enough that the Department know that one inmate could injure another at any time. The foreseeability aspect of the duty element is met.

4. **Damages**. As discussed *supra*, Plaintiff Pangelinan suffered damages resulting from Camacho's attack. This element of negligence is met.

5. **Breach**. Plaintiff's basis for a finding of a breach of the Department's duty is 1) a bar for a dumbbell, which should not have been located within Post 18, was used in the attack; and 2) that there were only two officers on duty at Post 18 during the time of the attack. Plaintiff has not shown that the Department breached its duty. The fact that a weapon was used in the commission of the attack does not, in itself, constitute a breach of duty. Correctional facilities constantly pat-down inmates and sweep for contraband. Yet, makeshift weapons continue to be used by prisoners. Here, there was no showing that the Department breached its duty by, for example, not patting down Joaquin Camacho at the entrance to Post 18. Similarly, the fact that two officers were working in Post 18 is not, in itself, a breach of duty. Although evidence was presented that having three to five officers in the Post would be better, the Court is disinclined to conclude that two officers is a breach. Exhibit 4, Standard Operating Procedures for Post 18, shows that Post 18 is to be manned by no less than three officers at all times. However, these procedures were issued on September 29, 2008; approximately five years after the attack on Pangelinan. No evidence was presented that this directive was in place at the time of the attack. Thus, it is the conclusion of this Court that there was no breach of duty on the part of the Department.

6. Because this Court finds that no breach occurred, there is nothing to analyze under the causation element of the negligence claim.

7. Plaintiff did not meet his burden of proof in bringing a negligence claim and did not satisfy the breach element. Therefore, the Court finds Department not liable for damages to Plaintiff resulting from the incident in question.

3

Decision and Order
Case No. CV0187-06

## CONCLUSION

Based on these findings of fact and conclusions of law the Court finds Defendant not liable and that judgment shall be entered for Defendant. Defendant is hereby ordered to submit a judgment consistent with this Decision, approved by Plaintiff as to form.

It is **SO ORDERED** this 22nd day of January, 2014.

JAN 22 2014

_____

HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JAN 22 2014

Esther L.S. Pinaula
Deputy Clerk, Superior Court of Guam

4

